# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO - WESTERN DIVISION

| | |
|---|---|
| Winn Brown,<br><br>                Plaintiff,<br><br>      v.<br><br>TrueAccord Corp. and Silver Cloud Financial, Inc.,<br><br>                Defendant(s). | **COMPLAINT** |

Plaintiff WINN BROWN, through counsel, Cottone Law Office, complaining of the Defendants, hereby alleges as follows:

1. This is an action for damages brought by an individual consumer for breach of contract, fraud, and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Venue is properly in this Court under 28 U.S.C. §§ 1391(b)(2) and (b)(3), because a substantial part of the events giving rise to the claim occurred in this judicial district, and Defendants are subject to this Court's personal jurisdiction with respect to this action.

## PARTIES

3. Plaintiff, Winn Brown, is an adult residing in Springfield, OH.

4. Defendant TrueAccord Corp. is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 303 2nd Street,

Suite 750 South, San Francisco, CA 94107. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant Silver Cloud Financial, Inc. is located at 635 East Hwy 20, C, Upper Lake, CA 95485.

6. Defendant TrueAccord Corp. is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## FACTUAL ALLEGATIONS

8. Defendant TrueAccord Corp. ("TAC") attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Defendant Silver Cloud Financial, Inc. ("SCF").

9. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

10. TAC entered into a written settlement agreement on Plaintiff's SCF account on or about April 25, 2017.

11. In this agreement, TAC and SCF stated that Plaintiff's balance was $777.50. TAC and SCF offered a $400.00 settlement on the account, to be made in eight consecutive monthly payments of $50.00 each. The first payment was due by May 10, 2017, and subsequent payments were due by the 10th of each month.

12. Thus, TAC acknowledged in writing that it was SCF's agent and that TAC and SCF had agreed to a settlement with Plaintiff, in consideration of monthly payments which Plaintiff would be required to make.

13. Plaintiff made the first four monthly payments in a timely manner in accordance with the agreement.

14. TAC and SCF accepted and deposited these payments.

15. Thereafter, Plaintiff received a letter from TAC dated August 24, 2017 stating that the account had been recalled by SCF and no further payments would be accepted.

16. TAC and SCF reneging on their settlement agreement with Plaintiff constitutes a breach of contract.

17. TAC's letter confirming the settlement was also false, deceptive, and misleading, in violation of the FDCPA.

18. TAC knew or should have known that its actions violated the FDCPA. Additionally, TAC could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

19. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

20. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

21. As a result of Defendants' conduct, Plaintiff has sustained actual damages including, but not limited to, emotional and mental pain and anguish.

## FIRST CLAIM FOR RELIEF
(Breach of Contract)

22. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 21 herein.

23. Defendants TAC and SCF acknowledged in writing that they had agreed to a settlement with Plaintiff, in consideration of eight monthly payments which Plaintiff would be required to make.

24. Plaintiff made the first four of these payments in a timely fashion, in accordance with the agreement, and TAC and SCF accepted and cashed these payments.

25. Thereafter, TAC and SCF reneged on the agreement and refused to accept any further payments, despite Plaintiff's attempts to pay.

26. TAC and SCF reneging on their settlement agreement with Plaintiff constitutes a breach of contract.

27. As a result, Plaintiff has suffered monetary damages.

## SECOND CLAIM FOR RELIEF
(Fair Debt Collection Practices Act)

28. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 27 herein.

29. The above contacts between Defendant TAC and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

30. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.  § 1692f prohibits any unfair or unconscionable means to collect or attempt to collect any debt.

31. Defendant TAC violated these provisions of the FDCPA by deceptively agreeing to a settlement with Plaintiff which it intended to breach and did breach.

32. As a result of the above violations of the FDCPA, Defendant TAC is liable to Plaintiff for actual damages, statutory damages which can be up to $1,000.00, attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment in the sum of $10,000.00 be entered against Defendants as follows:

(a) That judgment be entered against Defendants TAC and SCF for monetary damages accrued by Plaintiff as a result of their breach of contract;

(b) That judgment be entered against Defendant TAC for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(c) That judgment be entered against Defendant TAC for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(d) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(e) That the Court grant such other and further relief as may be just and proper.

Dated: November 16, 2017
Westerville, Ohio

        Cottone Law Office, LLC

        By: /s/ Carl N Cottone_____
        Carl N Cottone (0075890)
        6238 Albany Way Drive
        Westerville, OH 43081
        614-395-8478
        carl@cnclaw.org